■ LOUIS J. KAKULSKI, as Administrator of the Estate of JOSEPHINE A. KAKULSKI, Deceased, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 38937.) — *Per Curiam.* Cross appeals from a judgment of the Court of Claims which awarded $41,590, including interest, to claimant. Claimant contends that the award is inadequate and that the court erroneously limited damages by dismissing the claim of Casimir Kakulski, a lessee of a portion of the property, and excluding testimony as to income derived from the leasehold operation. The State argues that the award was excessive

and that the court made insufficient findings. Claimant's two experts determined before value at $184,200 and $147,000 respectively and the after value $117,420 and $80,000 respectively for resulting damage of $66,700 and $68,900. The State's expert valued the premises before the taking at $82,500 and after the taking at $65,100 with resulting damage of $17,500. The court determined the before value to be $112,000 and the after value to be $76,150 with resulting damage of $35,850. In awarding damages so greatly in excess of the State's proof thereof, the court necessarily relied on that adduced from claimant's experts, which was insufficient, first, in assuming land values arrived at on no demonstrable basis other than subjective judgment and, second, in then adding building reproduction costs to reach a total. This was claimant's experts' sole approach, with no regard to market value and with no suggestion that there was no market or market value, or that the property was either unique or a specialty (see *Guthmuller* v. *State of New York*, 23 A D 2d 597). The State's evidence, on the other hand, with respect to land and improvement values, was based on sales in the area, several of which were utilizable for comparison purposes. The State's expert offered values based on reproduction cost, but rejected them as any basis of true market value. In view of the deficient upper range of the testimony and the legally acceptable basis of the State's evidence at the lower end of the range we are constrained to reject the ultimate award reached by the court. We find the before value of the entire property to have been $90,100. We find the after value to be $65,100; the claimant's damage on account of the taking being $25,000 plus $100 for the temporary easement. Of the $25,000 damage, $18,448.59 represents direct damages, and $6,551.41 represents consequential damages. We do not treat with claimant's assertion regarding the lessee's damage since no appeal was taken from the dismissal of that claim. Judgment modified, on the law and the facts, so as to reduce the award to $25,100 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.